UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TURNER MYER, III,

*Plaintiff*,

v().

AIR FORCE BOARD FOR CORRECTION
OF MILITARY RECORDS,

*Defendant*.

No. 19-cv-1312-CKK-MAU

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Air Force Board for Correction of Military Record's ("Board") Motion to Dismiss Plaintiff Turner Myer, III's ("Myer") Amended Complaint. ECF No. 47. Myer, proceeding *pro se*, opposes the Board's motion. ECF No. 49. For the reasons set forth below, this Court recommends that the District Court **GRANT** the Board's Motion for lack of subject matter jurisdiction.

**BACKGROUND**

It appears based on the record that Myer served in the Air Force as a sergeant from August 15, 1968 to May 25, 1973. *See* ECF No. 19 at 18.[1] According to records Myer has submitted to the Court, Myer's commander notified him on May 21, 1973 that the Air Force intended to discharge him for "apathy and defective attitude and failure to adhere to Air Force weight standards." ECF No. 19 at 15. As a result, Myer received a (General) Under Honorable Conditions Discharge on May 25, 1973. *Id.* For the decades since Myer's discharge, he has sought in various fora to have his military records "corrected" to reflect an "Honorable" discharge so that he might

---

[1] Citations are to the page numbers in the ECF headers.

1

be awarded monetary damages in the form of back pay from 1973 to the present. Other than this lawsuit, Myer has lodged similar challenges in federal court in Texas and through administrative channels. *See* ECF No. 1 at 7; ECF No. 19 at 15-17.[2] Indeed, the U.S. District Court for the Southern District of Texas dismissed Myer's similar lawsuit for "correction" of his military records and back pay almost 20 years ago. *See Myer v. Air Force Bd. for Corr. of Mil. Recs.*, Civil No. H-04-4863, ECF No. 18 (S.D. Tex. Sept. 29, 2005) (dismissing Plaintiff's action in its entirety for lack of subject matter jurisdiction over his back pay claim).

Here, Myer seeks the same relief and damages that he sought in the Southern District of Texas and before the Board in the 2010s. *See* ECF. No. 19 at 15-17. Specifically, Myer alleges that his discharge from the Air Force in 1973 was incorrect. Among his claims of error, Myer alleges that the Air Force failed to have any medical doctors evaluate him prior to discharging him and that there was no evidence to support the Air Force's decision. *See* ECF No. 19 at 3. Myer further alleges that his commander, who Myer only refers to as Master Sergeant Jackson, was an alcoholic and discriminated against Myer. *See id.* at 5. Myer alleges that, in the evenings on the Air Force base at which he was stationed, others would remove the American flag and replace it with a Confederate flag. *See id.* Myer ultimately claims that the Air Force discriminated against him because he is African American, entered the Air Force on a minority program, and had a special security clearance. *See id.* at 6.

Although Myer does not specify which cause of action he is asserting against the Board, he clearly requests a revision to his military record, specifically the status under which he was discharged, and an award of back pay damages from 1973 to the present. *See id.* at 15. He appears

---

[2] The U.S. District Court for the Southern District of Texas has enjoined Myer from filing any additional civil rights suits in that District. *See Myer v. Shalala*, 56 F.3d 1384 (5th Cir. 1995).

to challenge the 2018 decision of the Board declining his request for the same, as it is attached to his Complaints in this Court. *See id.* at 15–17; *see also* ECF No. 1 at 7–10.

## ANALYSIS

The Board seeks to dismiss Myer's Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. Because the Court must satisfy itself of its subject matter jurisdiction, the Court considers this argument first. Fed. R. Civ. P. 12(h)(3); *Ctr. for Biological Diversity v. Jackson*, 815 F. Supp. 2d 85, 90 (D.D.C. 2011) ("Faced with motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6), a court should first consider the Rule 12(b)(1) motion because once a court determines that it lacks subject matter jurisdiction, it can proceed no further." (internal quotation marks and citations omitted)).

### A. Standards of Review

A motion under Rule 12(b)(1) presents a threshold challenge to the court's jurisdiction. *Jackson*, 815 F. Supp. 2d at 90. The plaintiff "bears the burden of proving by a preponderance of the evidence that the Court has subject-matter jurisdiction over [his] claims." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 69 (D.D.C. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). When reviewing a challenge under Rule 12(b)(1), the Court is not limited to the allegations in the complaint, but may review and rely upon matters outside the pleadings to assure itself that it has jurisdiction. *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022).

It is well settled that the United States enjoys sovereign immunity unless it has consented to suit and expressly waived that immunity. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Accordingly, if the United

3

States has not waived sovereign immunity for the action at hand, this Court cannot exercise subject matter jurisdiction over the case. *See Meyer*, 510 U.S. at 475.

### B. Myer's Allegations and Request for Damages

Myer does not allege any basis for subject matter jurisdiction. Given that Myer is proceeding *pro se*, however, this Court must and will construe his pleading liberally. *See Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Based on his attachment of the Board's 2018 decision seeking the same relief on substantially the same facts, it appears that Myer is challenging the Board's 2018 decision not to "correct" his records and award him back pay damages from May 1973 to the present. The crux of Myer's Amended Complaint is the request for damages, as Myer repeatedly asks the Court to transfer the back pay award to a Chase bank account and provides that account information. *See* ECF No. 43; ECF No. 51; *see also, e.g.*, ECF No. 1 at 5; ECF No. 19 at 9. Construing Myer's allegations and damages request liberally, the Court considers two possible avenues for subject matter jurisdiction: the Tucker Act, 28 U.S.C. § 1346(a), and the Administrative Procedure Act, 5 U.S.C. § 702.[3]

### C. The Tucker Act

The Tucker Act provides the jurisdictional basis for claims seeking monetary relief against the United States. An action is based on the Tucker Act when a plaintiff explicitly seeks monetary relief in his complaint. *See Schwalier v. Hagel*, 734 F.3d 1218, 1221 (D.C. Cir. 2013); *Kidwell v. Dep't of Army*, 56 F.3d 279, 284–85 (D.C. Cir. 1995). When there is no explicit request for

---

[3] The Court has also considered whether it may exercise jurisdiction pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201. For the reasons set forth therein, the Court agrees with the decision of the Southern District of Texas that neither of these statutes confer subject matter jurisdiction here. *See Myer v. Air Force Bd. for Corr. of Mil. Recs.*, Civil No. H-04-4863, ECF No. 18 at 7–9 (S.D. Tex. Sept. 29, 2005).

monetary relief, the Court should consider whether a complaint "in essence" seeks monetary relief. *See Schwalier*, 734 F.3d at 1221; *Kidwell*, 56 F.3d at 284.

Claims subject to the Tucker Act are divided into "Little Tucker Act" and "Big Tucker Act" claims. In the Little Tucker Act, the United States waived sovereign immunity by allowing both district courts and the Court of Federal Claims to hear "civil actions[s] or claim[s] against the United States, not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2); *see Mitchell*, 463 U.S. at 212 & n.10 (holding the Tucker Act constitutes a waiver of sovereign immunity); *Schwalier*, 734 F.3d at 1220. By contrast, the Big Tucker Act vests exclusive jurisdiction to the Court of Federal Claims for claims exceeding $10,000. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a); *Palacios v. Spencer*, 906 F.3d 124, 127 & n.2 (D.C. Cir. 2018); *Waters v. Rumsfeld*, 320 F.3d 265, 270 (D.C. Cir. 2003); *Doe v. Dep't of Just.*, 753 F.2d 1092, 1101 (D.C. Cir. 1985).

Here, Myer requests that he "receive back pay from 25 May 73 until present." ECF No. 19 at 15. In requesting back pay, Myer has made "an explicit request for monetary relief." *Schwalier*, 734 F.3d at 1221. Moreover, although Myer does not allege a specific amount, the amount he seeks clearly exceeds $10,000. *See* ECF No. 47-2 (listing basic pay for enlisted members of the U.S. Air Force); *Doe*, 753 F.2d at 1101 (denying jurisdiction when plaintiff's requested back pay would have exceeded $10,000 based on her approximate yearly earnings of $45,000 over a period of two years). Finally, even construing that Myer, through his Amended Complaint, seeks both a revision of his record *and* back pay, the presence of his explicit request for back pay precludes this Court from looking to the "essence" of his Amended Complaint. *See Schwalier*, 734 F.3d at 1222 (declining to look at the "essence" of the complaint seeking to correct military records where plaintiff requested back pay, which is "unambiguously monetary in nature"); *Palacios*, 906 F.3d at 127 (rejecting argument that the "essence" of complaint seeking to

correct military records was not monetary because the complaint sought back pay and "decisions examining a complaint's essence therefore do not apply"). Accordingly, even when construing Myer's claim liberally, it is clear that his claim falls under the Big Tucker Act. As such, this Court lacks subject matter jurisdiction.

### D. Administrative Procedure Act

Because Myer has also challenged an agency action (the Board's decision to reject his claim for back pay and "correction" of his records), the Court also construes Myer's claim as one brought under the APA. The United States has waived sovereign immunity through the APA for actions "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702. By its plain language, the APA's waiver of sovereign immunity does not extend to claims where a plaintiff explicitly seeks "money damages" in his complaint. *See Bowen v. Massachusetts*, 487 U.S. 879, 900 (1988); *accord Schwalier*, 734 F.3d at 1221. As previously discussed, on the face of the Amended Complaint, Myer expressly seeks more than five decades of back pay from the government. Because this unambiguously constitutes a claim for money damages, the APA's waiver of sovereign immunity does not apply in this case. *See Schwalier*, 734 F.3d at 1221–22 (rejecting argument that claim for back pay was an APA action); *see, e.g.*, *Roseberry-Andrews v. Wilson*, 292 F. Supp. 3d 446, 454–56 (D.D.C. 2018) (concluding the court lacked jurisdiction over APA claim against Air Force Board for Correction of Military Records over denial of request to modify military records where plaintiff was seeking back pay, payment for medical expenses, and reimbursement for mortgage refinance fees). Accordingly, Myer's claim does not fall under the APA's waiver of sovereign immunity.

Even when construing Myer's Amended Complaint liberally, the Court finds no basis to exercise subject matter jurisdiction over Myer's claims. This warrants dismissal. Because the Court finds no subject matter jurisdiction, the Court need not turn to the Board's arguments raised under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court GRANT the Board's Motion to Dismiss.

**SO ORDERED.**

Date January 20, 2025

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

## **Local Civil Rule 72.3(b) Notice**

The Parties are hereby advised that under Local Civil Rule 72.3(b), any party who objects to the proposed findings or recommendations herein must file written objections within fourteen days of being served with a copy of the Report and Recommendation. Objections must specifically identify the portion of the recommendation to which the objection pertains and the basis for the objection. The Parties are further advised that they may waive their right of appeal from an order of the District Court adopting such findings and recommendations if the Parties fail to file timely objections to the findings and recommendation set forth in this Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985).

\* \* \*