UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TURNER MYER, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AIR FORCE BOARD FOR CORRECTION<br>OF MILITARY RECORDS,<br><br>　　　　Defendant. | Civil Action No. 19-1312 (CKK/MAU) |

**MEMORANDUM OPINION & ORDER**
(February 13, 2025)

　　　　This Court is in receipt of the [56] Report and Recommendation filed by Magistrate Judge Moxila A. Upadhyaya on January 20, 2025, which recommends that this Court grant Defendant Air Force Board for Correction of Military Records' [47] Motion to Dismiss the Amended Complaint filed by Plaintiff Turner Myer, III, who is proceeding *pro se*. The Report and Recommendation advises the parties, consistent with Local Civil Rule 72.3(b), that "any party who objects to the proposed findings or recommendations herein must file written objections within fourteen days of being served with a copy of the Report and Recommendation." ECF No. 56 at 8. More than fourteen days have elapsed, and no objections have yet been filed. The Court therefore **ADOPTS** the factual findings and history stated in the [56] Report and Recommendation, which accurately and concisely describe the facts and relevant arguments in this long-running case.

　　　　For the reasons explained herein, the Court shall grant the Defendant's [47] Motion to Dismiss only as to Myer's records-correction claim and his discrimination claim. Although this Court agrees with the Defendant that it lacks subject-matter jurisdiction over Myer's back-pay claim as currently alleged, it shall not dismiss that claim; instead, it shall give Myer an opportunity to waive a portion of this claim or have the claim transferred to the Court of Federal Claims.

1

**I. BACKGROUND**

Turner Myer III served in the Air Force between 1968 and 1973, advancing to the rank of sergeant. Am. Compl., ECF No. 19, at 15, 18. Myer, who is Black, was discharged from the Air Force with a discharge status of "General (Under Honorable Conditions)" on May 25, 1973. *See* Am. Compl, ECF No. 19, at 6, 15.

Many years after his discharge, Myer applied to the Air Force Board for Correction of Military Records (the "Board") for a revision of his discharge status, alleging that his commander had discriminated against him and failed to consider relevant records before discharging him. *See id.* at 15. The Board found that Myer was discharged "for apathy and defective attitude and failure to adhere to Air Force weight standards." *Id.* at 15. After reviewing Myer's records and exhibits he submitted to challenge his discharge and determining that his case was "adequately documented," the Board concluded in June 2018 that Myer "is not the victim of an injustice" and recommended "against correcting" his discharge status. *Id.* at 16.

As explained more fully in Magistrate Judge Upadhyaya's Report and Recommendation, Myer filed this *pro se* action against the Board to challenge certain aspects of his discharge and the Board's decision not to recommend revising his discharge status. *See* Report and Recommendation, ECF No. 56, at 1–3. Myer previously filed a similar challenge in another federal court, which dismissed the action for lack of subject-matter jurisdiction. *See id.* (citing *Myer v. Air Force Bd. for Corr. of Mil. Recs.*, No. 04-cv-4863, ECF No. 18 (S.D. Tex. Sept. 29, 2005)). Reading Myer's *pro se* Amended Complaint liberally, the Court discerns three putative claims: a claim seeking correction of military records to revise his discharge status, a discrimination claim, and a claim for back pay. *See* Am. Compl., ECF No. 19, at 1–4 (correction of records), 5–6 (discrimination), 15 (correction of records, discrimination, and back pay).

2

The Board moved to dismiss this case in its entirety for lack of subject-matter jurisdiction and failure to state a claim. Def.'s Mot. to Dismiss, ECF No. 47. Myer filed a *pro se* Opposition to that Motion. Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 49. Read liberally, Myer's Opposition appears to request that the Court defer ruling on the Board's Motion to Dismiss until Myer receives certain medical records related to his discharge. *See id.*

Upon a referral from this Court, Magistrate Judge Upadhyaya issued a Report and Recommendation recommending that this Court grant the Board's Motion. *See* Report and Recommendation, ECF No. 56, at 7. The Board's [47] Motion to Dismiss is now ripe for decision.

## II. LEGAL STANDARD

Courts "construe liberally the pleadings of a *pro se* litigant." *Dufur v. United States Parole Comm'n*, 34 F.4th 1090, 1096 (D.C. Cir. 2022). A *pro se* complaint must therefore be "held to less stringent standards than formal pleadings drafted by lawyers." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The Court must consider "a *pro se* litigant's complaint 'in light of' all filings," *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)), including subsequent filings that "were intended to clarify the allegations in the complaint," *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 529 (D.C. Cir. 2015).

When a defendant moves to dismiss a claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Theus v. Ally Financial, Inc.*, 98 F. Supp. 3d 41, 45 (D.D.C. 2015) (ABJ). When evaluating whether the plaintiff has carried this burden, courts must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am.*

*Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must include factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). When evaluating the sufficiency of the allegations in a complaint at the motion-to-dismiss stage, "courts treat documents attached to a complaint as if they are part of the complaint." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005).

## III. ANALYSIS

### A.   Correction of Records

Myer's Amended Complaint appears to assert a claim for declaratory and injunctive relief directing the Board to recommend to the Secretary of the Air Force that his discharge status should be revised. *See* Am. Compl., ECF No. 19, at 1–4, 15; 10 U.S.C. § 1552(a)(1). The Board declined to grant that relief in June 2018. *See id.* at 15–17.

Reading the Amended Complaint in the light most favorable to Myer, the Court may exercise jurisdiction over this records-correction claim as a claim for "relief other than money damages" against "an agency" of the United States under the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 702; *Jackson v. Spencer*, 313 F. Supp. 3d 302, 309 (D.D.C. 2018) (DLF), *aff'd sub nom. Jackson v. Modly*, 949 F.3d 763 (D.C. Cir. 2020). A federal court will award such relief from an agency action if the challenged action is, among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2). In general, a plaintiff may state a claim under this standard by alleging that the defendant "failed to articulate

an adequate explanation" or "failed to consider factors made relevant by Congress." *James v. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 284 (D.C. Cir. 2000).

However, because federal courts are "particularly unfit to review the substance of military decisions," they give deference to military boards of correction when applying these standards in reviewing military personnel decisions. *Jackson*, 313 F. Supp. 3d at 309; *see also Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989) (noting that Board decisions are entitled to "an unusually deferential application of the 'arbitrary or capricious' standard"). And the military records-correction statute gives broad discretion to the heads of military departments to decide when to alter a record, empowering them to do so "when [they] consider it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). Consistent with this broad discretion, courts reviewing records-correction decisions under the APA "ask[] only if the Board's decisionmaking 'process was *deficient*, not whether [its] decision was *correct*.'" *McKinney v. Wormuth*, 5 F.4th 42, 46 (D.C. Cir. 2021) (emphasis in original) (quoting *Kreis*, 866 F.2d at 1511).

Measured against these standards, Myer's Amended Complaint fails to state a plausible claim for non-monetary relief under the APA. Myer makes various allegations that may be relevant to the correctness of the Board's decision about whether to revise his discharge status. *See, e.g.*, Am. Compl., ECF No. 19, at 3 (alleging that Myer's "last commander never did have a[] U.S. Air Force psych doctor[] . . . examine [him]" before recommending that he be discharged and that "[they] didn't have [any] evidence to discharge [him]"). However, none of these allegations suggest that the review *process* through which the Board reached its decision was deficient. *See id.* at 1–4; *cf. McKinney*, 5 F.4th at 46. The Board's decision, which Myer attached to his Amended Complaint, notes that the Board "thoroughly review[ed] all Exhibits" and determined that Myer's case was "adequately documented" before reaching its decision. *See* Am. Compl., ECF No. 19, at

5

15–16.  The Board also excused the fact that Myer's application was not timely filed and allowed him to present his case on the merits.  *See id.* at 16.  Myer does not dispute any of these facts or allege any other deficiency in the Board's decision-making process.  *See generally id.*  Therefore, this Court agrees with the Board that his putative APA claim for correction of his military records must be dismissed for failure to state a claim upon which relief can be granted.  *See McKinney*, 5 F.4th at 46.

Similarly, because additional medical records related to Myer's discharge would only be relevant the correctness of the Board's decision and would not shed light on the adequacy of the Board's review process, the Court shall decline Myer's request to defer ruling until after he receives those records.  *See generally* Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 49.

**B.    Discrimination**

Myer also alleges that the Air Force discriminated against him because of his race.  *See* Am. Compl., ECF No. 19, at 5–6.  The Court agrees with the Board that this allegation, read in its best light, attempts to state a claim under Title VII of the Civil Rights Act of 1976, which this Court would have jurisdiction to adjudicate.  *See* Mem. in Support of Def.'s Mot. to Dismiss, ECF No. 47-1, at 3.  However, "Title VII does not apply to uniformed members of the armed forces." *See Jackson v. Modly*, 949 F.3d 763, 775 (D.C. Cir. 2020).  Although "the Congress has legislated close and systematic oversight of the military's . . . system for addressing race and sex discrimination in the armed forces," it has not chosen to expand the private right of action in Title VII to uniformed servicemembers.  *See id.* at 773–74.  Therefore, the Court agrees with the Board that Myer's putative discrimination claim must be dismissed for failure to state a claim upon which relief can be granted.

### C. Back Pay

Finally, Plaintiff Myer's [19] Amended Complaint seeks back pay "from 25 May [19]73 to until present." *See* Am. Compl., ECF No. 19, at 15. This Court agrees with Magistrate Judge Upadhyaya's conclusion that this Court lacks jurisdiction over this claim. *See* Report and Recommendation, ECF No. 56, at 4–6. Myer's claim for back pay over a period of more than 50 years clearly exceeds the $10,000 threshold for this Court's jurisdiction under the Little Tucker Act. *See* 28 U.S.C. § 1346(a)(2). And the "Big" Tucker Act vests jurisdiction only in the U.S. Court of Federal Claims. *See* 28 U.S.C. § 1491; *Crowley Gov't Servs., Inc. v. Gen. Servs. Admin.*, 38 F.4th 1099, 1113 (D.C. Cir. 2022) (noting that "the Court of Federal Claims has exclusive jurisdiction" over claims in which the plaintiff asserts a contractual right "and seeks 'in essence' more than $10,000 in monetary relief from the federal government"). However, that jurisdictional defect is not the end of this claim, for two reasons.

*First*, when this Court lacks jurisdiction over an action that could have been filed in the Court of Federal Claims, this Court may transfer the action to that court rather than dismissing the action if doing so "is in the interest of justice." 18 U.S.C. § 1631. Transfer is in the interest of justice where, as here, a *pro se* plaintiff has misfiled an action that could have been filed elsewhere. *See Janvey v. Proskauer Rose, LLP*, 59 F. Supp. 3d 1, 7 (D.D.C. 2014) (CKK) (collecting cases).

*Second*, "courts have permitted plaintiffs to remain in District Court under the Tucker Act even if their damages exceed $10,000 in amount, as long as they waive any claims in excess of $10,000." *Goble v. Marsh*, 684 F.2d 12, 15 (D.C. Cir. 1982). Accordingly, a District Court should give a plaintiff "an opportunity to amend [his] complaint[] to effect an adequate waiver" of claims for more than $10,000 before dismissing or transferring a case that appears to assert a "Big" Tucker Act claim. *Id.* at 17. If a plaintiff agrees to such a waiver, the case may proceed in the District Court in which it was filed, rather than being transferred to the Court of Federal Claims. *See id.*

Myer has not yet stated whether he would prefer to waive a portion of his back-pay claim and remain in this Court or instead seek the full value of his claims in the Court of Federal Claims, which has jurisdiction to consider monetary claims against the United States for more than $10,000.  This Court will give him an opportunity to do so.  If Myer chooses not to waive the portion of his claim that exceeds $10,000, this Court will then lack subject-matter jurisdiction and will transfer this matter to the Court of Federal Claims "in the interest of justice."  *See* 18 U.S.C. § 1631.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Board's [47] Motion to Dismiss is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.  The Board's Motion is **GRANTED** as to Myer's records-correction and discrimination claims, which are **DISMISSED WITHOUT PREJUDICE**.  The Board's Motion to Dismiss is **DENIED WITHOUT PREJUDICE** as to Myer's back-pay claim.

It is further **ORDERED** that on or before **February 28, 2025**, Plaintiff Myer shall file a notice advising the Court whether he waives his claim for back pay over $10,000.  If Myer does not file a timely notice, or if he advises the Court that he does not waive this portion of his claim, this Court will transfer this case to the Court of Federal Claims to adjudicate his back-pay claim.

**SO ORDERED.**

**Dated:**  February 13, 2025            /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge